◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SELLERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 30, 1987, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered, that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant was sentenced to two concurrent indeterminate terms of 15 years' to life imprisonment, to run consecutively to a sentence of 15 years' to life imprisonment imposed under a separate indictment, after having been adjudicated a persistent violent felony offender *(see,* Penal Law § 70.08). The court determined that the Federal crime of bank robbery, as defined in 18 USC § 2113 (a), constituted "an offense * * * which includes all of the essential elements of any [violent felony offense] for which a sentence to a term of imprisonment in excess of one year * * * is authorized" (Penal Law § 70.04 [1] [b] [i]; *see also,* Penal Law § 70.08 [1] [a], [b]). On appeal, the defendant argues that this determination is incorrect.

The defendant protested his adjudication as a persistent violent felony offender. In response, the Supreme Court "expressly decided the question [now] raised on appeal" (CPL 470.05 [2]). Thus, the defendant's argument has been preserved for appellate review, even though the defendant's original protest was itself not based on the argument now being raised *(see,* CPL 470.05 [2]).

With respect to the merits, we conclude that the Federal

felony defined in 18 USC § 2113 (a) does not constitute a predicate violent felony offense within the meaning of Penal Law § 70.04 (1) (b) (i). We have previously decided this precise issue, holding that a "defendant's conviction under [18 USC § 2113 (a)] cannot be considered a predicate violent felony conviction under Penal Law § 70.04 (1) (b)" *(People v Grate,* 122 AD2d 853, 855; *see also, People v Manino,* 81 AD2d 896).

The People's argument that the present case is distinguishable in that the defendant's Federal convictions were based on 18 USC § 2 as well as 18 USC § 2113 (a) is meritless. The former statute defines the doctrine of accessorial liability by equating the criminal liability of an accessory with that of a principal. It does not follow that the defendant's Federal convictions were based on elements identical to those of Penal Law § 160.10 (1) (robbery in the second degree based on the presence of another person), since one may aid, abet, counsel, command, induce, or procure the commission of an offense (18 USC § 2 [a]) without actually being present during its commission. Moreover, it is clearly possible to commit a violation of 18 USC § 2113 (a), either as a principal or as an accessory, without necessarily engaging in conduct which would be punishable as a felony under Penal Law § 160.10 (1). Thus, the Federal crimes of which the defendant was convicted cannot be used to qualify him as a persistent violent felony offender under New York law *(see, People v Gonzalez,* 61 NY2d 586). The matter, therefore, must be remitted for resentencing.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.