■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WALKER, Appellant.—Appeals by the defendant from four judgments of the Supreme Court, Queens County (Sherman, J.), all rendered June 20, 1990, convicting him of robbery in the first degree (four counts, one as to each indictment),

upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of 8½ to 17 years imprisonment.

Ordered that the judgments are affirmed.

The defendant's challenge to the sufficiency of the plea allocutions has not been preserved for appellate review since he failed to move to withdraw his pleas at any time prior to sentencing *(see, People v Pellegrino,* 60 NY2d 636; *People v Moore,* 149 AD2d 440). In any event, it is well established that guilty pleas will not be vacated merely because a defendant was unable or unwilling to describe or admit to the underlying facts of the charges where the pleas were entered into knowingly, voluntarily, and with full understanding of the consequences *(see, People v Brown,* 114 AD2d 1036; *see also, North Carolina v Alford,* 400 US 25; *People v Perkins,* 89 AD2d 956). This is especially true where, as here, the defendant has a lengthy criminal record, was actively represented by competent counsel, and received the benefits of an extremely favorable plea bargain.

The defendant contends that he was improperly sentenced as a second violent felony offender. Although the sentencing transcript is somewhat ambiguous on this point, it does clearly show that the defendant previously had been convicted of a Federal felony. The crime of which he was convicted, armed bank robbery under 18 USC § 2113 (a), does not qualify as a predicate *violent* felony offense under Penal Law § 70.04 (1) (b) (i) *(see, People v Sellers,* 168 AD2d 583; *People v Grate,* 122 AD2d 853). Accordingly the defendant is, in fact, a second felony offender *(see,* Penal Law § 70.06 [1] [b] [i]), and not a second *violent* felony offender. Since the defendant received the sentences that he bargained for and voluntarily agreed to, and since those sentences are within the authorized parameters for a person convicted of a class B violent felony offense of robbery in the first degree who was previously convicted of a felony *(see,* Penal Law § 70.06 [3] [b]; [4]), he may not now complain that they are harsh or excessive *(see, People v Kazepis,* 101 AD2d 816). We find nothing in this record to warrant the exercise of our interest of justice jurisdiction to disturb the sentences imposed. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.