■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LEE, Appellant. [599 NYS2d 980] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 5, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence; and (2) by permission, from an order of the same court, dated January 3, 1992, which denied his motion pursuant to CPL 440.20 to vacate the sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is

affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of the determination on the appeal from the judgment.

The defendant challenges the Supreme Court's *Sandoval* ruling, whereby the People were permitted to cross-examine the defendant as to whether he has been convicted of more than 15 misdemeanors and more than one felony. The court precluded inquiry into the underlying charges or facts involved. We find that under the circumstances of this case, this was a proper exercise of discretion *(see, People v Pavao,* 59 NY2d 282; *People v Sandoval,* 34 NY2d 371; *People v Moore,* 178 AD2d 561).

However, as the People concede, the defendant's adjudication and sentencing as a second violent felony offender must be vacated because his prior conviction in California for burglary in the first degree is not the equivalent of a conviction for a New York felony *(see,* Penal Law § 70.04 [1] [b] [i]; *People v Muniz,* 74 NY2d 464). Accordingly, the defendant's sentence must be vacated, and the matter remitted to the Supreme Court for resentencing *(see, People v Quinlan,* 161 AD2d 280; *People v Perry,* 161 AD2d 1156). Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.