OPINION OF THE COURT
 

 Ciparick, J.
 

 In these unrelated appeals, each defendant challenges the denial of suppression of vials, crack cocaine and other physical evidence on the ground that his Fourth Amendment right to be free from unreasonable searches and seizures was violated by the warrantless police search of his car. In both cases, defendants were travelling in a car pulled over by a police officer for a traffic violation. In each case, upon the officer’s approach to defendant’s car, the officer observed through the car windows an open bag containing vials and caps. Trained and experienced in drug detection, these police officers recognized the vials as the type used to package crack cocaine for street transactions. For the reasons that follow, we conclude that in both cases the lower courts properly found probable cause for the officers to believe defendants were using drug paraphernalia, thereby justifying the searches of the automobiles and defendants’ consequent arrests. Defendant Chapman was subsequently indicted for criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2], [3]). Defendant Yancy was indicted for criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]), and criminal possession of a controlled substance in the second and third degrees (Penal Law § 220.18 [1]; § 220.16 [1]).
 

 
 *243
 
 I.
 

 A.
 
 People v Chapman
 

 The screeching tires of a cream colored Audi turning onto Broadway at a high rate of speed, forcing three pedestrians to jump out of the crosswalk, caught the attention of two uniformed police officers sitting in their marked police car. The officers followed the Audi south on Broadway, turning on their siren and flashing lights as the distance between the Audi and the police car narrowed. After the Audi turned right onto West 125th Street and passed a stop sign, the officers pulled the car over. The officers parked their patrol car behind the Audi, and approached the car from opposite sides. Defendant was seated in the front passenger seat. The officer who was standing outside the car near defendant observed an open shopping bag filled with vials and yellow caps standing upright on the floor behind defendant. This officer signalled his partner, who was standing on the driver’s side, and gestured to the bag, alerting his partner to the contents he observed. One of the officers then asked the three men in the car if the vials belonged to them and each denied ownership. Nor could any of these individuals tell the officers what the vials were used for. The officers subsequently arrested the three individuals for criminally using drug paraphernalia, and issued summonses to the driver for failing to yield to pedestrians at a crosswalk and to yield at a stop sign.
 

 A backup team of two officers arrived as the arresting officers were securing the car’s occupants and checking for weapons. The shopping bag was then removed from the car and upon examination yielded eight sealed, clear plastic bags, containing a total of 200 empty vials separately packaged from 200 matching yellow caps, a bread crumb container and a carton of instant cocoa powder. The bread crumb container proved to have a false bottom, which, when removed, revealed a bag of crack cocaine. Defendant then volunteered that he came to buy the cocaine for someone else and his two companions had nothing to do with "it.”
 

 All three individuals were transported to the precinct, where
 
 Miranda
 
 warnings were administered. Defendant indicated that he understood his rights and agreed to answer questions. Defendant admitted he bought the crack on 140th Street for $2,800 and had purchased drugs in that neighborhood twice before but denied he sold crack. He maintained his
 
 *244
 
 present purchase was on behalf of someone else and stated that a vial would sell for $40 in Pennsylvania.
 

 Following a suppression hearing, the trial court found, under the totality of the circumstances, that there was probable cause to believe there was contraband in the car, justifying the arrest of the car’s occupants and search of the vehicle. Therefore, the trial court denied defendant’s motion to suppress. The Appellate Division affirmed
 
 (People v Chapman,
 
 209 AD2d 362). A Judge of this Court granted leave.
 

 B.
 
 People v Yancy
 

 On routine car patrol at the Lincoln Tunnel, a uniformed Port Authority officer stopped his vehicle in the midst of a traffic jam, turned on the car’s flashing lights and proceeded to direct the gridlocked traffic. The driver of a white Nissan would not make eye contact with the officer, prompting the officer to approach the car in an attempt to tell the driver to clear the intersection. As the officer walked up to the driver’s side of the car, passing the window alongside the back seat, he observed an open paper bag on the back seat containing vials the officer knew from his experience to be the sort used to package crack cocaine. He also saw an Alf doll on the back seat. The officer radioed for assistance, and directed defendant to pull over to the side as his car was impeding the flow of traffic.
 

 Once at the curb, defendant produced his license and registration, which listed different surnames. In response to the officer’s query, defendant stated that he was coming from the "deuce,” a term the officer recognized as street slang for 42nd Street. Once his backup was in the vicinity, the officer ordered defendant and his companion out of the car. The officer asked defendant what was in the bag, and defendant replied "bottles.” Based on the officer’s familiarity with the drug trade, he knew this term translated to vials used to package cocaine. Defendant and his companion then gave statements to the officer, and during the subsequent search of the car, the officer discovered separately packaged bags of empty vials and matching caps, and that the Alf doll contained cocaine and paper used to package cocaine.
 

 Following a suppression hearing, the Trial Judge found that the suspicions of this officer, who participated in hundreds of narcotics investigations near the tunnel within the last year alone, were justified by defendant’s furtive behavior, the officer’s observation of a large quantity of vials in open view, the
 
 *245
 
 time of day and location defendant said he was coming from, and defendant’s description of the contents of the bag. The trial court found that there was probable cause for the officer to believe there was contraband in the car and that criminal activity was afoot. Therefore, the hearing court upheld the arrest, search of the vehicle, and seizure of the Alf doll.
 

 Defendant subsequently pleaded guilty and, under the terms of his plea bargain, was sentenced to 3 to 6 years for attempted criminal possession of a controlled substance. Defendant moved to vacate the sentence, arguing that the procedures for predicate sentencing were not observed. On consent, the sentence was vacated. The prosecutor subsequently filed a predicate offender statement which listed a New Jersey robbery conviction. The New Jersey indictment did not indicate which of the three subsections of the statute defendant was convicted under and it was only through an examination of the superseded information that the sentencing court determined that defendant committed a crime that would constitute a felony in New York. Therefore, defendant was resentenced to the term originally promised.
 

 On appeal, the Appellate Division affirmed, holding that there was probable cause that defendant engaged in a criminal activity and that defendant was properly resentenced as a predicate felon
 
 (see, People v Yancy,
 
 201 AD2d 281). A Judge of this Court granted leave.
 

 II.
 

 Probable cause exists if the facts and circumstances known to the arresting officer warrant a reasonable person to conclude that a crime is being or was committed
 
 (see, People v McRay,
 
 51 NY2d 594, 602;
 
 People v Oden,
 
 36 NY2d 382, 384). A valid arrest for a crime authorizes a warrantless search of a vehicle, and of any closed containers visible in the passenger compartment of the vehicle, in which the arrested person is travelling when the circumstances create a reasonable belief that the vehicle or its visible contents may be related to a crime or the commission thereof
 
 (see, People v Belton,
 
 55 NY2d 49, 55,
 
 rearg denied
 
 56 NY2d 646;
 
 People v Blasich,
 
 73 NY2d 673, 678;
 
 see also, People v Langen,
 
 60 NY2d 170, 179-180,
 
 cert denied
 
 465 US 1028). Warrantless searches of automobiles are already recognized as an exception to the general rule that a warrantless search is per se unreasonable, given the mobility of the vehicle and the corresponding probability
 
 *246
 
 that any contraband contained therein will quickly disappear, and the diminished expectation of privacy attributed to individuals and their property when travelling in an automobile
 
 (see, California v Carney,
 
 471 US 386, 392-393). While an officer’s inadvertent or incidental observation of an openly visible article that is known to have illicit uses is in and of itself insufficient to establish probable cause to justify a warrantless automobile search
 
 (see, People v Di Stefano,
 
 38 NY2d 640, 648;
 
 People v Spinelli,
 
 35 NY2d 77, 80;
 
 Coolidge v New Hampshire,
 
 403 US 443, 446,
 
 reh denied
 
 404 US 874), we have recognized that the presence of "additional relevant behavior or circumstances” can give rise to probable cause and justify the warrantless search and seizure
 
 (see, People v Oden,
 
 36 NY2d, at 385,
 
 supra).
 

 Here, the officers’ incidental observation of hundreds of separately packaged empty vials and caps in open view following a valid automobile stop; the officers’ respective experience in narcotics investigations and drug detection, which allowed them to surmise that defendants possessed a large quantity of empty vials for something other than personal use; and, each defendant’s responses and conduct subsequent to the stop for the traffic infraction provide evidentiary support for the mixed law and fact findings of the courts below that there was probable cause
 
 (see, People v McRay,
 
 51 NY2d, at 601-602,
 
 supra; People v Clark,
 
 45 NY2d 432, 439,
 
 rearg denied
 
 45 NY2d 839;
 
 People v Oden,
 
 36 NY2d, at 385,
 
 supra; People v Corrado,
 
 22 NY2d 308, 313;
 
 People v Valentine,
 
 17 NY2d 128, 132). As the probable cause determinations of the courts below are supported by each record, they are beyond this Court’s review
 
 (see, People v Harrison,
 
 57 NY2d 470, 477). Because there was probable cause in each case, the warrantless searches and seizures did not transgress the Federal or State constitutional prohibition against unreasonable searches and seizures.
 

 III.
 

 Turning to defendant Yancy’s sentencing as a predicate felon, we hold that it was error for the courts below to have considered the superseded information in assessing the nature of defendant’s prior conviction in New Jersey. Defendant was indicted for robbery in New Jersey under title 2C:15-1 (a) of the New Jersey Code of Criminal Justice. This statute contains three subsections, only two of which correspond to
 
 *247
 
 felonies in New York. The indictment under which defendant was convicted did not indicate which subsection defendant violated, and therefore it was not evident from the face of the indictment whether defendant was adjudged to have committed a crime that would qualify as a felony in New York
 
 (see, People v Muniz,
 
 74 NY2d 464, 468;
 
 People v Olah,
 
 300 NY 96, 101-102). In this case, the trial court should not have extended or enlarged the allegations of the accusatory instrument by relying on a
 
 superseded
 
 complaint to fill the void created by the indictment in order to determine the precise nature of the crime defendant was convicted of in New Jersey
 
 (cf., People v Muniz, 74
 
 NY2d, at 468,
 
 supra
 
 [reference to original complaint acceptable to isolate and identify statutory crime where defendant convicted under a foreign statute that renders certain acts felonies, and others misdemeanors, under New York law];
 
 People v Gonzalez,
 
 61 NY2d 586, 591-592; Penal Law § 70.06 [1] [b] [i]). Because the People failed to satisfy their burden of establishing that defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a felony in New York, defendant is entitled to resentencing without consideration of the prior New Jersey conviction.
 

 Accordingly, in
 
 People v Yancy,
 
 the order of the Appellate Division should be modified by vacating defendant’s sentence, and the case remitted to Supreme Court, New York County, for resentencing, and, as so modified, affirmed. In
 
 People v Chapman,
 
 the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 In
 
 People v Yancy:
 
 Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.
 

 In
 
 People v Chapman:
 
 Order affirmed.