■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO PABON, Appellant. [638 NYS2d 707] —Motion by the defendant, *inter alia,* for reargument of appeals from a judgment and an amended judgment of the Supreme Court, Kings County (Kramer, J.), both rendered December 8, 1993, which were decided by decision and order of this Court dated May 30, 1995.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and upon reargument, the decision and order of this Court dated May 30, 1995 (215 AD2d 784), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 8, 1993, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 7963/91, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 8, 1993, revoking a sentence of probation previously imposed by the same court (Kay, J.), upon a finding that the defendant had violated a conviction thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Superior Court Information No. 4264/89.

Ordered that the judgment and the amended judgment are modified, on the law, by vacating the sentences imposed; as so modified, the judgment and the amended judgment are affirmed, and the matters are remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The general waiver of appeal rights which the defendant executed did not effectively waive his right to claim on appeal that the sentence and amended sentence were unlawful because they were not based on an up-to-date presentence report *(see, People v Fisnar,* 212 AD2d 628).

In the absence of a waiver, the court was without authority to impose sentence with regard to Indictment No. 7963/91 and an amended sentence with regard to Superior Court Information No. 4264/89 without ordering the preparation of an up-to-date presentence report *(see, People v Dorino,* 200 AD2d 632).

The defendant further contends that he was improperly sentenced as a second felony offender. This contention is not

barred by the general waiver of appeal rights which the defendant executed inasmuch as it constitutes a challenge to the legality of the sentence *(see, People v Seaberg,* 74 NY2d 1, 9).

Since the defendant was never afforded the opportunity to challenge the second felony offender statement *(see,* CPL 400.21), the Supreme Court erred in sentencing him as a second felony offender. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.