■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SMITH, Appellant. [778 NYS2d 896]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered October 11, 2001, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A foreign conviction will be considered a predicate felony conviction in New York where the foreign conviction carries with it 'a sentence of imprisonment in excess of one year and for which New York law would also authorize imposition of a sentence in excess of one year' " (*People v Maglione,* 305 AD2d 426 [2003], quoting *People v Sailor,* 65 NY2d 224, 237 [1985], *cert denied* 474 US 982 [1985]; *see* Penal Law § 70.06). Further, a court must examine the elements of the foreign statute and compare such with the analogous Penal Law felony for purposes of determining whether the foreign conviction is equivalent to a New York felony (*see People v Muniz,* 74 NY2d 464 [1989]; *People v Gonzalez,* 61 NY2d 586 [1984]; *People v Maglione, supra*).

Here, the Supreme Court properly sentenced the defendant as a second felony offender since his prior North Carolina conviction was equivalent to a New York felony (*see People v Sailor, supra; People v Maglione, supra;* Penal Law § 70.06).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.