THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FUMAI, Appellant. [828 NYS2d 79]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered May 2, 2005, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for resentencing in accordance herewith.

Prior to the entry of the defendant's plea of guilty, the County Court, Nassau County (Calabrese, J.) adjudicated him a second felony offender predicated upon a prior drug conviction in the state of Connecticut. Contrary to the People's contention, the defendant's fully preserved challenge to that adjudication (see People v Samms, 95 NY2d 52, 57 [2000]) was not forfeited by his subsequent guilty plea and is properly before us (see People v Thompson, 60 NY2d 513, 520 [1983]; see also People v Thomas, 53 NY2d 338 [1981]; cf. People v Ladson, 30 AD3d 836 [2006];

*People v Maglione*, 305 AD2d 426 [2003]; *People v Pabon*, 224 AD2d 721, 721-722 [1996]).

The People failed to establish the requisite equivalence between Connecticut General Statutes § 21a-277 (a) and Penal Law § 70.06 (1) (*see* CPL 400.21 [7] [a], [c]; Penal Law § 70.06 [1] [b]; *People v Maglione, supra*). Because the Connecticut statute covers a variety of acts not all of which are felonies in New York, the People were obligated to prove that the charges of which the defendant was actually convicted in Connecticut alleged acts that would constitute a felony in this state (*see People v Muniz*, 74 NY2d 464, 467-468 [1989]; *People ex rel. Goldman v Denno*, 9 NY2d 138 [1961]; *People v Sair*, 173 AD2d 578, 579 [1991]). In this case, the prior Connecticut conviction was for "possession of narcotics [with] intent to sell." The People failed, however, to present any evidence as to which "narcotic substance," as that term is defined under Connecticut General Statutes § 21a-240 (9), (30), § 21a-243 and the regulations adopted thereunder, was at issue in the Connecticut case, thereby precluding a determination that such substance also fell within New York's different, and somewhat more restrictive, definition of a "narcotic drug" (*see* Penal Law § 220.00 [7]; Public Health Law § 3306, schedule I [b], [c]; schedule II [b], [c]).

Accordingly, we modify the judgment by vacating the sentence imposed. The matter is remitted to the Supreme Court, Nassau County, so that the defendant may be resentenced as a first-time felony offender. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.