■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOROTHY HORVATH, Appellant. [916 NYS2d 230]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered November 30, 2009, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence upon her adjudication as a second felony offender.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County for resentencing in accordance herewith.

The contention that the defendant's conviction for federal bank larceny in a U.S. District Court was not a felony in New York and therefore did not qualify as a predicate felony pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]). However, we reach the issue in the exercise of our interest of justice jurisdiction (*see People v Boston*, 79 AD3d 1140 [2010]; *People v Grigg*, 73 AD3d 806 [2010]).

To be used as a predicate for enhanced sentencing in New York, an out-of-state felony conviction must also qualify as a felony in New York (*see* Penal Law § 70.06 [1] [b] [i]; *People v Muniz*, 74 NY2d 464, 467 [1989]; *People v Gonzalez*, 61 NY2d 586, 588 [1984]; *People v Boston*, 79 AD3d 1140 [2010]; *People v Grigg*, 73 AD3d 806 [2010]; *People v Ferdinand*, 288 AD2d 486 [2001]). In determining whether the foreign jurisdiction's offense is also a felony under New York law, the court must compare the foreign statute to an analogous Penal Law felony (*see People v Gonzalez*, 61 NY2d at 588; *People v Olah*, 300 NY 96, 98 [1949]). "As a general rule, this inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (*People v Muniz*, 74 NY2d at 467-468; *see People v Gonzalez*, 61 NY2d at 589; *People v Olah*, 300 NY 96, 98 [1949]). "The allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments frequently contain nonessential recitals . . . that go beyond the statutorily required elements [and] are not necessary to the determination of guilt" (*People v Muniz*, 74 NY2d at 468; *see People v Olah*, 300 NY at 99). However, "a sentencing court [may] go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" (*People v Gonzalez*, 61 NY2d at 590; *see People ex rel. Goldman v Denno*, 9 NY2d 138 [1961]; *People ex rel. Gold v Jackson*, 5 NY2d 243, 245-246 [1959]). The burden rests upon the People to establish that a defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a felony in New York (*see* CPL 400.21 [7] [a]; *People v Yancy*, 86 NY2d 239, 247 [1995]).

As pertinent here, the federal statute under which the defendant was convicted defined bank larceny as taking property from a bank exceeding $1,000 in value, *or* taking property from a bank no greater than $1,000 in value (*see* 18 USC § 2113 [b]). Under 18 USCS § 2113 (b), if the value of the property taken

exceeds $1,000, a defendant faces up to 10 years in jail; if the value of the property taken does not exceed $1,000, a defendant faces up to one year in jail (*id.*). By comparison, the analogous New York statute to 18 USC § 2113 (b) is Penal Law § 155.30 (1), grand larceny in the fourth degree. A person is guilty of grand larceny in the fourth degree "when he steals property and when . . . [t]he value of the property exceeds one thousand dollars" (Penal Law § 155.30 [1]). Grand larceny in the fourth degree is a class E felony.

Here, the People failed to establish the requisite equivalence between the foreign and New York statutes (*cf. People v Fumai*, 34 AD3d 831, 832 [2006]). The federal statute's aggravating circumstance, the value of the property taken, includes values in excess of $1,000 as required of a felony in New York, but also includes values of less than $1,000, which would not be a felony in New York. Contrary to the People's contention, consideration of the federal accusatory instrument should not be permitted here (*see People v Muniz*, 74 NY2d at 470; *People v Olah*, 300 NY at 100). This is not a case where resort to the foreign accusatory instrument would establish which "discrete, mutually exclusive acts formed the basis of the charged crime" (*People v Muniz*, 74 NY2d at 469; *see People ex rel. Gold v Jackson*, 5 NY2d at 245-246). Therefore, it is improper to look to the factual allegations in the accusatory instrument to clarify the nature of the defendant's claimed predicate crime (*see People v Muniz*, 74 NY2d at 470).

Accordingly, the judgment must be modified by vacating the defendant's adjudication as a second felony offender and the sentence imposed, and the matter must be remitted to the County Court, Orange County, so that the defendant may be resentenced as a first-time felony offender. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.