■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIGG, Appellant. [917 NYS2d 913]—

The defendant was adjudicated and sentenced as a predicate felon based upon a prior conviction of armed robbery in the State of Florida. The Florida statute under which the defendant was convicted (*see* Fla Stat Ann, tit 46, § 812.13) criminalizes several different acts, some of which, if committed in New York, would constitute a felony pursuant to Penal Law § 160.05, or a violent felony pursuant to Penal Law § 160.15, and some of which would not constitute a felony in New York. Thus, by decision and order dated May 4, 2010, we held the defendant's appeal in abeyance and remitted the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant's conviction in the State of Florida was based upon acts which would constitute a felony or violent felony in New York (*see People v Grigg*, 73 AD3d 806 [2010]).

On remittitur, the People conceded before the Supreme Court that the defendant's armed robbery conviction in the State of Florida cannot be used as a predicate felony in New York. The Supreme Court has now filed its report finding that the subject conviction cannot be used as a predicate felony "as it cannot be shown that it was based upon acts which constitute a felony, or a violent felony, in New York." Accordingly, we modify the judgment by vacating the sentence imposed, and remit the matter to the Supreme Court, Kings County, so that the defendant may be resentenced as a first-time violent felony offender (*see People v Fumai*, 34 AD3d 831, 832 [2006]; *People v Maglione*, 305 AD2d 426, 427 [2003]; *People v Lee*, 194 AD2d 559, 560 [1993]). Skelos, J.P., Eng, Austin and Roman, JJ., concur.