*975 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mullings, J.), rendered May 4, 2009, convicting him of sexual abuse in the first degree, upon his plea of guilty, adjudicating him as a second felony offender, and thereupon sentencing him to a determinate term of imprisonment of five years, plus a period of five years of postrelease supervision.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant’s adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
Contrary to the People’s contention, the defendant’s waiver of his right to appeal does not bar this Court from reviewing his claim that he was illegally sentenced as a second felony offender (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Ormsby, 89 AD3d 1244 [2011]; People v Young, 66 AD3d 1049 [2009]; People v Maglione, 305 AD2d 426 [2003]). Further, although the defendant failed to preserve for appellate review his claim that his conviction of sexual assault in the second degree in the State of Connecticut does not qualify as a predicate New York felony pursuant to Penal Law § 70.06 (1) (b) (i) (see People v Samms, 95 NY2d 52, 57 [2000]), we reach this issue in the exercise of our interest of justice jurisdiction (see People v Johnson, 88 AD3d 907, 908 [2011]; People v Casey, 82 AD3d 1005 [2011]; People v Horvath, 81 AD3d 850, 851 [2011]; People v Boston, 79 AD3d 1140 [2010]).
An out-of-state conviction will qualify as a predicate for enhanced sentencing pursuant to Penal Law § 70.06 where the elements of the out-of-state conviction would constitute a felony in New York (see Penal Law § 70.06 [1] [b] [i]; People v Muniz, 74 NY2d 464, 467-468 [1989]; People v Gonzalez, 61 NY2d 586, 589 [1984]; People v Boston, 79 AD3d at 1140). In determining whether the offense committed in a foreign jurisdiction is also a felony under New York law, the court must compare the foreign statute to an analogous Penal Law provision (see People v Gonzalez, 61 NY2d at 588; People v Horvath, 81 AD3d at 851; People v Maglione, 305 AD2d at 427). As a general rule, the inquiry into whether the out-of-state offense has a New York felony-level equivalent “is limited to a comparison of the crimes’ elements as they are respectively defined in the foreign and New York penal statutes. The allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments fre *976 quently contain nonessential recitals” (People v Muniz, 74 NY2d at 467-468; see People v Horvath, 81 AD3d at 851).
Here, the predicate felony statement filed by the People alleged that the defendant was previously convicted of a violation of Connecticut General Statutes § 53a-71 (a) (4), which provides that “[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and . . . such other person is less than eighteen years old and the actor is such person’s guardian or otherwise responsible for the general supervision of such person’s welfare.” The People do not dispute the defendant’s claim that there is no equivalent Penal Law provision which criminalizes sexual intercourse with a person under the age of eighteen based upon the offender’s status as either a guardian or individual responsible for the general supervision of the victim’s welfare. Further, we may not look to the Connecticut accusatory instrument to determine whether the acts committed by the defendant might constitute a felony in New York because this is not a situation in which the Connecticut offense “could be committed in several different, alternative ways, some of which would constitute felonies if committed in New York and others of which would constitute only misdemeanors” (People v Muniz, 74 NY2d at 470; see People v Boston, 79 AD3d at 1141). Accordingly, the judgment must be modified by vacating the defendant’s adjudication as a second felony offender and the sentence imposed, and the matter must be remitted to the Supreme Court, Queens County, so that the defendant may be resentenced as a first-time felony offender. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.