■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL COSME, Appellant. [952 NYS2d 269]—

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of cross-examination regarding certain prior convictions so outweighed the probative worth of that evidence that exclusion was warranted (*see id.* at 378; *People v Harris*, 74 AD3d 984, 984-985 [2010]). The trial court's "*Sandoval* compromise*" (*People v Smith*, 18 NY3d 588, 597-599 [2012] [Pigott, J., concurring]), therefore, was not an improvident exercise of discretion (*see People v Harris*, 74 AD3d at 984-985; *People v White*, 60 AD3d 1095, 1096 [2009]).

The defendant's claim of error regarding the trial court's handling of a jury note, raised in his pro se supplemental brief, does not constitute a mode of proceedings error (*see People v Starling*, 85 NY2d 509, 516 [1995]), and therefore requires preservation as a question of law (*see* CPL 470.05 [2]; *People v Gerrara*, 88 AD3d 811, 812-813 [2011]; *cf. People v O'Rama*, 78 NY2d 270 [1991]). The defendant failed to preserve his claim for appellate review (*see People v Gerrara*, 88 AD3d at 813), and we decline to review it in the exercise of our interest of justice jurisdiction (*id.*).

As the People correctly concede, the defendant's prior conviction under the federal bank robbery statute (*see* 18 USC § 2113), does not constitute a predicate violent felony conviction (*see* Penal Law § 70.04 [1] [b] [i]; *People v Walker*, 185 AD2d 951, 952 [1992]; *People v Sellers*, 168 AD2d 583, 583-584 [1990]). Although the defendant did not preserve for appellate review his contention that he was improperly adjudicated as a second violent felony offender based upon that federal conviction, we review his present claim as a matter of discretion in the interest of justice (*see People v Horvath*, 81 AD3d 850, 851 [2011]). In so doing, we vacate the defendant's adjudication as a second vio-

lent felony offender and the sentence imposed thereon, and remit the matter for resentencing (*see id.*; Penal Law § 70.06 [1] [b] [i]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.