The defendant claims that his adjudication as a second felony offender was illegal because the predicate offense was not a felony under New York law. Contrary to the People’s contention, the defendant’s claim is not barred by his purported waiver of the right to appeal. First, the record does not establish that the waiver was knowing, voluntary, and intelligent, because the Supreme Court failed to ensure that the defendant knew the nature of the rights being waived or the consequences of the waiver (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]). Second, even if the waiver were valid, it would not bar the defendant’s claim that *747 he received an illegal sentence (see People v Iliff, 96 AD3d 974, 975 [2012]; People v Maglione, 305 AD2d 426, 426 [2003]).
Nonetheless, the defendant failed to preserve his claim for appellate review (see CPL 470.05 [2]; People v Samms, 95 NY2d 52, 57 [2000]), and, under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to review it (see CPL 470.15 [3] [c]; People v Alves, 282 AD2d 613, 613 [2001]; cf People v Iliff, 96 AD3d at 975).
The defendant’s remaining contention is without merit. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.