■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER P. HELMUS, Also Known as CHRISTOPHER HELMUS, Appellant. [4 NYS3d 116]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Condon, J.), imposed March 8, 2012, upon his conviction of attempted burglary in the second degree, upon his plea of guilty, the sentence being a determinate term of four years imprisonment and a period of postrelease supervision of five years.

Ordered that the sentence is modified, on the law, by vacating the period of postrelease supervision of five years; as so modified, the sentence is affirmed, and the matter is remitted to the County Court, Suffolk County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.

The defendant's valid and unrestricted waiver of his right to appeal, executed as part of his plea agreement, precludes review of his claim that the sentence imposed was excessive (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Muniz*, 91 NY2d 570 [1998]). However, the defendant's waiver of the right to appeal does not bar this Court from reviewing the legality of his sentence (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Jennings*, 60 AD3d 694, 694 [2009]; *People v Nicholas*, 8 AD3d 300, 300 [2004]).

Although the People assert that the defendant was properly sentenced as a second felony offender, on this record, it is not clear whether the defendant was, in fact, adjudicated a second felony offender. The sentencing minutes reveal that the defend-

ant was not expressly sentenced by the sentencing court as a second felony offender. However, the pre-sentence report indicates that the defendant had a predicate conviction (*see* Penal Law § 70.06 [1] [b]), and the uniform order of sentence and commitment indicates that the defendant was sentenced as a second felony offender. The five-year period of postrelease supervision imposed by the court would be legal only if the defendant was adjudicated a second felony offender (*see* Penal Law §§ 70.06, 70.45 [2]). If the defendant indeed had a prior felony conviction which qualifies as a predicate felony conviction, a matter not clear on this record, it appears that neither the County Court nor the prosecutor complied with the procedures required by CPL 400.21 for the sentencing of a second felony offender (*see People v Coffie*, 272 AD2d 870, 870-871 [2000]).

Accordingly, the sentence must be modified by vacating the five-year period of postrelease supervision imposed. As so modified, the matter must be remitted to the County Court, Suffolk County, for the filing by the People of a second felony offender statement pursuant to CPL 400.21, if the defendant is alleged to be a second felony offender (*see People v Ritorto*, 125 AD3d 896 [2015] [decided herewith]), and for the imposition of an appropriate period of postrelease supervision pursuant to Penal Law § 70.45. We note that to the extent that *People v Young* (66 AD3d 1049 [2009]) may be read to hold otherwise, it should not be followed. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.