■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPENCER, Appellant. [52 NYS3d 430]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered December 1, 2014, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Lujan*, 114 AD3d 963, 964 [2014]), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered.

The defendant's valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of the plea allocution (*see People v Ovalle*, 112 AD3d 971 [2013]; *People v Knapp*, 108 AD3d 641, 642 [2013]; *People v Hardee*, 84 AD3d 835 [2011]).

The defendant's claim that he was illegally sentenced as a predicate violent felony offender survives his valid waiver of the right to appeal (*see People v Helmus*, 125 AD3d 884 [2015];

*People v DelCarpio*, 101 AD3d 746, 746-747 [2012]; *People v Iliff*, 96 AD3d 974, 975 [2012]; *People v Maglione*, 305 AD2d 426 [2003]). However, the defendant's contention that his prior conviction did not qualify as a predicate violent felony under applicable State law is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the defendant's prior conviction qualified as a predicate violent felony (*see* Penal Law § 70.04 [1] [b] [i], [iv], [v]). Moreover, contrary to the defendant's contention, the record reveals that he was advised at the plea proceeding that he would be sentenced as a predicate violent felony offender.

The defendant's claim that he was deprived of the right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Granger*, 122 AD3d 940, 942 [2014]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109). Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.