People v Salako (2018 NY Slip Op 06770)





People v Salako


2018 NY Slip Op 06770


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-06025
 (Ind. No. 2007/13)

[*1]The People of the State of New York, respondent,
v
Richard Salako, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 8, 2015, convicting him of attempted robbery in the second degree, upon his plea of guilty, adjudicating him a second violent felony offender, and thereupon sentencing him to a determinate term of five years' imprisonment plus five years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second violent felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant contends that his adjudication as a second violent felony offender was illegal because the predicate California offense was not a violent felony under New York law.
Contrary to the People's contention, the defendant's contention that he was illegally sentenced as a second violent felony offender would survive a valid waiver of the right to appeal (see People v Spencer, 149 AD3d 983, 983-984; People v Helmus, 125 AD3d 884, 884; People v DelCarpio, 101 AD3d 746, 746-747; People v Iliff, 96 AD3d 974, 975; People v Maglione, 305 AD2d 426, 426). Accordingly, this Court is not barred from reviewing the defendant's contention, and it is unnecessary for this Court to determine whether the defendant validly waived his right to appeal. Furthermore, although the defendant failed to preserve this contention for appellate review (see People v Smith, 73 NY2d 961, 962-963; People v Poullard, 159 AD3d 924, 925), we reach this issue in the exercise of our interest of justice jurisdiction (see e.g. People v Flores, 143 AD3d 840, 840; People v Rovinsky, 135 AD3d 969, 970; People v Stevens, 114 AD3d 969, 970; People v Cosme, 99 AD3d 940, 941; People v Ballinger, 99 AD3d 931, 932).
Penal Law § 70.04 requires the imposition of enhanced sentences for those found to be predicate violent felons (see People v Helms, 30 NY3d 259, 263). "Subdivision (1)(b)(i) of that section provides, in pertinent part, that a prior out-of-state conviction qualifies as a predicate violent felony conviction if it involved all of the essential elements of any [violent] felony for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this [*2]state'" (id. at 263, quoting Penal Law § 70.04[1][b][i]).
In this context, the Court of Appeals has "applied a strict equivalency standard that examines the elements of the foreign conviction to determine whether the crime corresponds to a New York [violent] felony, usually without reference to the facts giving rise to that conviction" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 750-751; see People v Helms, 30 NY3d at 263). "As a general rule, this inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (People v Muniz, 74 NY2d 464, 467-468). However, "the strict equivalency test [also] allows a reviewing court to examine . . . any foreign statute or case law that informs the interpretation of a foreign code breached by the defendant" (People v Helms, 30 NY3d at 264-265).
The People have the burden of establishing that the defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a violent felony in New York (see People v Yancy, 86 NY2d 239, 247). "When a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a [violent] felony in New York, the foreign statute may not serve as a predicate" (People v Yusuf, 19 NY3d 314, 321).
Here, the People failed to satisfy their burden of establishing that the defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a violent felony in New York (see People v Yancy, 86 NY2d at 247; People v Poullard, 159 AD3d at 925; People v Durant, 121 AD3d 709, 710; People v Stevens, 114 AD3d at 970; People v Iliff, 96 AD3d at 975-976; People v Cosme, 99 AD3d at 941). The People failed to demonstrate that the California offense of robbery in the first degree (see California Penal Code §§ 211, 212.5) is equivalent to a New York criminal offense designated as a violent felony (see Penal Law § 70.02[1]). Accordingly, we modify the judgment by vacating the defendant's adjudication as a second violent felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing (see e.g. People v Durant, 121 AD3d at 709-710; People v Iliff, 96 AD3d at 975; People v Johnson, 88 AD3d 907, 908; People v Casey, 82 AD3d 1005, 1005; People v Horvath, 81 AD3d 850, 851).
In light of the foregoing, we need not reach the defendant's remaining contention.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court