People v Barham (2018 NY Slip Op 07443)





People v Barham


2018 NY Slip Op 07443


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-06682
 (Ind. No. 647/16)

[*1]The People of the State of New York, respondent,
v
Lydell Barham, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin I. Efman, J.), rendered April 12, 2017, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise the issue in the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Pleitez-Raymundo, 160 AD3d 902; People v Spencer, 149 AD3d 983). In any event, the record demonstrates that he knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Fiumefreddo, 82 NY2d 536, 543; People v Cassadean, 160 AD3d 655). Contrary to the defendant's contention, certain postplea assertions attributed to him in the presentence report did not call into question the voluntariness of the plea and did not obligate the court to conduct any further inquiry (see People v Caceres, 155 AD3d 972). Moreover, the defendant's contention that he was deprived of the effective assistance of counsel is without merit (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d 137, 247).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court