People v Ramirez (2021 NY Slip Op 01429)





People v Ramirez


2021 NY Slip Op 01429


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09726
 (Ind. No. 1811/17)

[*1]The People of the State of New York, respondent,
v
Jonathan A. Ramirez, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered July 17, 2018, convicting him of stalking in the first degree, attempted robbery in the third degree, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the jury's finding of guilt on the count charging him with stalking in the first degree (Penal Law § 120.60[1]) is irreconcilable with its acquittal of the defendant on the count charging him with attempted robbery in the second degree (Penal Law §§ 110.00, 160.10[2]). This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Alfaro, 66 NY2d 985, 987). In any event, the contention is without merit (see People v Muhammad, 17 NY3d 532; cf. People v DeLee, 24 NY3d 603, 608). "[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Muhammad, 17 NY3d at 539-540). Here, the stalking charge of which the defendant was convicted was not necessarily based on the acts that were the basis for the attempted robbery charge of which he was acquitted.
The defendant's contention that he was improperly sentenced as a second felony offender is unpreserved for appellate review (see CPL 470.05[2]; People v Smith, 73 NY2d 961, 962-963). Nonetheless, we reach the issue in the exercise of our interest of justice jurisdiction (see [*2]People v Vasquez, 173 AD3d 1073; People v Salako, 165 AD3d 846, 847). As the People correctly concede on appeal, the defendant's armed robbery conviction in the State of Florida cannot be used as a predicate felony in New York (see People v Grigg, 82 AD3d 791, 792; see also Penal Law §§ 70.06[1][b][i]; 140.20; Fla Stat Ann § 812.13). Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing.
The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court