People v Blaker (2023 NY Slip Op 03472)

People v Blaker

2023 NY Slip Op 03472

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04490

[*1]The People of the State of New York, respondent,
v
Cody Blaker, appellant. (S.C.I. No. 70049/22)

Patricia Pazner, New York, NY (David P. Greenberg of counsel; Russ Altman-Merino on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Alexander Vidal on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered May 17, 2022, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant's contention that he was improperly sentenced as a second felony offender is unpreserved for appellate review (see CPL 470.05[2]; People v Smith, 73 NY2d 961, 962-963). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Johnson, 192 AD3d 909; People v Ramirez, 192 AD3d 825; People v Salako, 165 AD2d 846).
As the People correctly concede, the defendant's conviction of attempt to commit robbery in Washington, D.C., cannot be used as a predicate felony in New York (see People v Jurgins, 26 NY3d 607, 614-615; see also Penal Law §§ 70.06[1][b][i]; 160.00, 110.00; DC Code §§ 22-2801, 22-2802). Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing.
In light of our determination, we need not reach the defendant's remaining contention.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court