■ The People of the State of New York, Respondent, v Jacques Sylvestre, Appellant. [997 NYS2d 713]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 30, 2012, convicting him of insurance fraud in the third degree, grand larceny in the third degree, falsifying business records in the first degree (four counts), offering a false instrument for filing in the first degree, falsely reporting an incident in the third degree, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light

most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*People v Michael*, 210 AD2d 874 [1994]; *People v Dybdahl*, 144 AD2d 949, 950 [1988]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenges to the prosecutor's questions about, and summation statements concerning, his polygamy, are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Philips*, 120 AD3d 1266 [2014]; *People v Jorgensen*, 113 AD3d 793, 794 [2014]). In any event, the questions and statements provided a context for the events in question and were not so excessive or prejudicial as to have deprived the defendant of a fair trial (*see People v Carey*, 92 AD3d 1224 [2012]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The defendant waived his claim that the two misdemeanor counts of which he was convicted were barred by the statute of limitations by not making a timely motion to dismiss on that ground (*see People v Verkey*, 185 AD2d 622 [1992]; *People v De Pillo*, 168 AD2d 899, 900 [1990]). Moreover, under the circumstances of this case, the defendant was not deprived of the effective assistance of counsel by virtue of his attorney's failure to make a motion to dismiss the misdemeanor counts (*see People v Evans*, 16 NY3d 571, 575-576 [2011]).

However, the defendant was improperly adjudicated a second felony offender based on a prior federal conviction of false representation of a social security number (42 USC § 408 [a] [7] [B]). The People failed to establish the requisite strict equivalency between the federal statute and Penal Law § 175.10, the New York Statute which proscribes falsifying business records in the first degree (*see* CPL 400.21 [7] [a]; *People v Ramos*, 19 NY3d 417, 419 [2012]; *People v Yancy*, 86 NY2d 239, 247 [1995]; *People v Horvath*, 81 AD3d 850, 852 [2011]).

Accordingly, we modify the judgment by vacating the sentence imposed, and remit the matter to the Supreme Court, Kings County, so that the defendant may be resentenced as a first-time felony offender. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.