■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MITCHELL, Appellant. [21 NYS3d 339]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mondo, J.), rendered October 12, 2011, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's contention that he was improperly sentenced as a second felony offender is unpreserved for appellate review, inasmuch as the defendant did not contest his adjudication as a second felony offender in the Supreme Court (*see People v Samms*, 95 NY2d 52, 57 [2000]; *People v Taylor*, 132 AD3d 915 [2015]). Nonetheless, it is appropriate in this case that we exercise our interest of justice jurisdiction to review that contention (*see* CPL 470.15 [3] [c]; *People v Iliff*, 96 AD3d 974, 975 [2012]). As the People correctly concede, the defendant's

conviction of bank burglary under 18 USC § 2113 (a) is not a "predicate felony conviction" (Penal Law § 70.06 [1] [a], [b]), because the statutory elements of bank burglary are not "equivalent to those of a New York felony" (*People v Gonzalez*, 61 NY2d 586, 589 [1984]; *see* Penal Law § 70.06 [1]). In essence, to be punishable as a burglary in New York, a person's entry into a building must be "unlawful[ ]" (Penal Law §§ 140.20, 140.25), which means "not licensed or privileged" (Penal Law § 140.00 [5]). New York law expressly provides that, except under certain circumstances, "[a] person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege" (Penal Law § 140.00 [5]). By contrast, a person may be convicted of bank burglary under 18 USC § 2113 (a) for an entry that would not be unlawful under New York law (*compare* 18 USC § 2113 [a] *with* Penal Law §§ 140.00 [5]; 140.20, 140.25). Inasmuch as the defendant's conviction of bank burglary was not a predicate felony conviction (*see* Penal Law § 70.06 [1] [a], [b]), the defendant was improperly sentenced as a second felony offender. Accordingly, in the exercise of our interest of justice jurisdiction, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed, and remit the matter to the Supreme Court, Kings County, so the defendant may be resentenced as a first-time felony offender (*see People v Iliff*, 96 AD3d at 976; *People v Horvath*, 81 AD3d 850, 852 [2011]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.