The People of the State of New York, Respondent,
against
Dyck Livant, Appellant.




Edward S. Raskin, Esq., for appellant.
Islip Town Attorney (William J. Graham, Esq.), for respondent.

Appeal from three judgments of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), rendered February 10, 2016. The judgments convicted defendant, after a nonjury trial, of maintaining an alteration at his premises without obtaining a permit, of creating an accessory apartment at his premises without obtaining an accessory apartment permit and a certificate of occupancy, and of storage of an unregistered motor vehicle at his premises, respectively.




ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, defendant was charged in an information with violating Code of the Town of Islip (Code) § 68-23 (A). The code inspector of the Town of Islip (the Town) alleged on personal knowledge that, as the owner of the premises located at 77 New Hampshire Avenue, Bay Shore, NY (the premises), defendant had allowed and maintained alterations to the premises, "in that gas piping, connected to a propane bottle ha[d] been constructed" and no permit had been issued by the Town for such an alteration. In a second information, defendant was charged with violating Code § 68-602. The Town's code inspector alleged on personal knowledge that, as the owner of the premises, defendant had "created" an accessory apartment on the second floor of the one-family dwelling at the premises, "consisting of three key locked rooms, a bathroom which consisted of a toilet, sink and tub, one bedroom, a kitchen consisting of a black colored electric stove/oven, a white colored refrigerator, a white colored sink, white and wood colored cabinets, a silver colored microwave, and table and chairs, [*2]without there having been issued a permit from the Board of Zoning Appeals and a certificate of occupancy issued by the Building Department." In a third information, defendant was charged with violating Code § 68-420. The Town's code inspector alleged on personal knowledge that defendant, as the owner of the premises, "[had stored] outdoors an unregistered, black colored, Suzuki, sport utility vehicle located in the driveway of the east side of the main dwelling without license plates attached. . . . The black colored Suzuki, sidekick was observed in the driveway on 03/09/2015 at 12:35PM and on 03/11/15 at 10:10AM. This property is located in a residence AA' Zoning District. Such outdoor storage is prohibited in residence AA' zoning district." 
Following a nonjury trial, defendant was convicted of the aforementioned charges. Defendant appeals, arguing, among other things, that the accusatory instruments are jurisdictionally defective.
To be facially sufficient, an information must contain nonhearsay allegations of fact of an evidentiary character which establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360).
Contrary to defendant's contention, the information charging him with violating Code § 68—23 (A) is legally sufficient, as it substantially conforms to the requirements of CPL 100.15 and contains nonhearsay allegations which establish, if true, every element of the offense charged and defendant's commission thereof (see CPL 100.40 [1] [c]; People v North Shore Design, Inc., 50 Misc 3d 132[A], 2015 NY Slip Op 51947[U], *4 [ App Term, 2d Dept, 9th & 10th Jud Dists 2015] [the accusatory instrument need only allege that an illegal alteration was made and that the defendant owned the property thereafter]). Moreover, the factual allegations by the Town's code inspector contained in the accusatory instruments are not "conclusory" (see People v Dumas, 68 NY2d at 731); rather, they sufficiently describe the alteration defendant is alleged to have maintained without a permit. Contrary to defendant's contention, there is no requirement that the pleading allege that the gas piping was not part of the original construction of the house. The allegations in the information, based on the deponent's personal knowledge, that defendant owned the premises and that no permit or certificate of occupancy had been issued can be fairly implied from the deponent's duties as the Town code inspector (see People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Neither a deed nor a specific allegation as to who searched the records maintained by the Town needed to be pleaded in the factual part of the information to establish ownership of the premises, as "the source of the validity of the [deponent's] knowledge is a matter to be raised at trial" (People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2; see People v Casey, 95 NY2d at 360; People v Fischer, 6 Misc 3d 135[A], 2005 NY Slip Op 50213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Caravousanos, 2 Misc 3d 7 [App Term, 2d Dept, [*3]9th & 10th Jud Dists 2003]). 
The factual portion of the information charging defendant with violating Code § 68—602 is facially sufficient, as it avers, upon the personal knowledge of the Town's code inspector, that defendant, as the owner of the premises, created an accessory apartment, which apartment was described in detail. The information adequately alleged that defendant created a self-contained dwelling within the principal structure, complete with housekeeping facilities, including cooking facilities. For the reasons stated above, we find that defendant's ownership of the premises was sufficiently alleged.
With respect to the information charging defendant with the storage of an unregistered motor vehicle in violation of Code § 68-420, the element of storage suggests a sense of permanence, in that the item has remained on the property for a prolonged period of time. Indeed, this court has dismissed, as jurisdictionally defective, accusatory instruments which allege storage only for a single time and date (see People v Castanza, 26 Misc 3d 133[A], 2010 NY Slip Op 50093[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Gomes, 11 Misc 3d 142[A], 2006 NY Slip Op 50734[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Here, storage was sufficiently alleged, since the automobile could not be driven on a public road because the license plates had been removed (see Vehicle and Traffic Law § 402 [1] [a]; People v Scott, 26 NY2d 286, 292 [1970]), and the vehicle had been observed by the deponent on defendant's driveway for more than one day. In addition, for the reasons previously stated, we find that defendant's ownership of the premises was sufficiently alleged. Thus, the information charging defendant with violating Code § 68-420 is not jurisdictionally defective. 
Contrary to defendant's argument, Code § 68-420 is not unconstitutionally overbroad on its face, as it is a proper exercise of the Town's authority to enact restrictions or controls over the use of land in order to enhance the quality of life by preserving the character and desirable aesthetic features of the community (see In Matter of Wallach v Town of Dryden, 23 NY3d 728, 742-743 [2014]). We note that, on appeal, defendant cites dicta in Scott (26 NY2d at 291-293) in support of his contention. The dicta in Scott indicate that an absolute proscription against the open storage of vehicles which are not in operating condition for legal use on public highways "could be found to be unconstitutional" (id. at 293). However, the instant case is distinguishable from the facts in Scott (id.) since Code § 68-420 merely limits the storage of an unregistered vehicle unless it is properly enclosed within a permitted structure or contained within an approved enclosure; unlike the ordinance under review in the Scott case, Code § 68-420 is not an absolute proscription against the open storage of a vehicle which, for any number of reasons, such as the lack of a valid inspection sticker (id. at 292), is rendered inoperable for legal use on a public highway.
Defendant's contention, that the evidence at trial was legally insufficient to establish his guilt of the charge of violating Code § 68-420 because the People failed to establish that he owned and stored the vehicle in question, lacks merit. Code § 68-420 does not require proof of any ownership interest by defendant in the unregistered motor vehicle being stored.
Defendant argues, for the first time on appeal, that the information charging him with violating Code § 68—602 should be dismissed on the ground that the prosecution is barred by the statute of limitations. However, defendant waived this claim since he did not make a timely motion to dismiss on this ground; consequently, appellate review thereof is foreclosed (see CPL [*4]170.30 [1] [a]; People v Sylvestre, 123 AD3d 743 [2014]).
We have reviewed defendant's remaining contentions and find them to be without merit.
Accordingly, the judgments of conviction are affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 31, 2017