People v Torres (2020 NY Slip Op 04191)





People v Torres


2020 NY Slip Op 04191


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2016-06771
 (Ind. No. 8069/13)

[*1]The People of the State of New York, respondent,
v
Valentin Torres, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Caroline R. Donhauser, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan Marrus, J.), rendered May 6, 2016, convicting him of murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court provided a meaningful response to two notes from the jury, which asked if a punch could constitute deadly force and if fists were deadly weapons (see People v Pardo, 175 AD3d 1434, 1435). The court's supplemental instruction, which answered each question and reminded the jury that it was charged with deciding whether the punch at issue here constituted deadly force, " was fair and balanced, and it did not invade the province of the jury'" (People v Perez, 166 AD3d 658, 659, quoting People v Gibbons, 15 AD3d 196, 197).
The defendant's contentions concerning the Supreme Court's justification charge and lack of an excessive force instruction to the jury are unpreserved for appellate review (see CPL 470.05[2]). In any event, based on the evidence presented, the jury was correctly instructed (see People v Cheeseboro, 52 AD3d 526).
The defendant's contention that he was deprived of the effective assistance of counsel because his counsel failed to object to the Supreme Court's justification charge is without merit. Since the court's justification charge was proper, defense counsel was not ineffective for failing to make a futile objection (see People v Johnson, 149 AD3d 780, 782).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court