People v Hicks (2021 NY Slip Op 00190)





People v Hicks


2021 NY Slip Op 00190


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-03578
 (Ind. No. 908/13)

[*1]The People of the State of New York, respondent,
v
Lateef Hicks, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel and Gail Jacobs of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross
of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered April 14, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree for his acts of shooting and killing John Brea (hereinafter the decedent) in front of a Brooklyn barbershop on the night of May 1, 2012. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), the defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is without merit. Moreover, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633). The evidence adduced at trial established that the defendant shot the decedent, which caused the decedent's death. Though the defendant asserted in a written statement to the police that he believed the decedent to be armed with a gun, he did not state that he actually saw the decedent in possession of a gun, and no gun was recovered from either the decedent's person or the area in which the decedent had been sitting when he was shot. The evidence, including the testimony of eyewitnesses, indicated that the decedent was sitting down when the defendant shot him, and that the decedent was immediately incapacitated when the defendant began shooting. We find that the evidence presented at trial was legally and factually sufficient to establish the elements of murder in the second degree and to disprove the defense of justification beyond a reasonable doubt (see People v Mairena, 160 AD3d 986, 987; People v Littlejohn, 307 AD2d 976, 976; People v Hall, 220 AD2d 615).
The defendant's contention concerning the Supreme Court's justification charge is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court's charge, viewed as a whole, properly instructed the jury as to the defense of justification, and was a correct statement of the law (see People v Fields, 87 NY2d 821, 823; People v Torres, 185 AD3d 971).
Contrary to the defendant's contention, defense counsel's opening statement and summation, cross examination of witnesses, use of certain evidence during the defense case, and failure to object to the admission of certain evidence or to certain summation comments made by the prosecutor, did not constitute ineffective assistance of counsel. Under the circumstances presented here, the defendant has failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Robinson, 160 AD3d 991, 992). Moreover, the defendant's contention that certain summation remarks made by the prosecutor constituted reversible error because they were inflammatory and vouched for the credibility of witnesses, as well as the District Attorney's Office, is without merit, as the comments alleged to be prejudicial constituted a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396; People v Mairena, 160 AD3d at 988).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court