People v Terry (2021 NY Slip Op 03065)





People v Terry


2021 NY Slip Op 03065


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-14642
 (Ind. No. 7939/17)

[*1]The People of the State of New York, respondent,
v
Cedric Terry, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered November 7, 2018, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
In October 2018, the defendant pleaded guilty to attempted assault in the second degree in exchange for a promised sentence of an indeterminate term of imprisonment of two to four years. At sentencing, the Supreme Court determined that the defendant was a second felony offender based, in part, on a federal conviction in 1995. The defendant appeals.
The defendant failed to preserve for appellate review his contention that he was improperly sentenced as a second felony offender because he failed to contest that adjudication before or at his sentencing (see People v Spencer, 165 AD3d 706, 707; People v Mitchell, 134 AD3d 961, 961). However, we consider the issue in the exercise of our interest of justice jurisdiction (see People v Spencer, 165 AD3d at 707; People v Mitchell, 134 AD3d at 961). As correctly conceded by the People, the defendant's conviction of the federal crime of conspiracy to commit robbery under the Hobbs Act (18 USC § 1951) is not a conviction of a predicate felony under Penal Law § 70.06(1)(a), (b)(i), because that crime does not include all the essential elements equivalent to those of a New York felony (see People v Ramos, 19 NY3d 417, 419-420; People v Sylvestre, 123 AD3d 743, 744). Thus, the sentence must be vacated.
Nonetheless, the People's contention that the matter should be remitted for a determination of whether the defendant's convictions in 1986 of certain New York felonies could serve as the predicate for his adjudication as a second felony offender is without merit (see e.g. People v Spencer, 165 AD3d at 707). Those 1986 convictions are outside the 10-year predicate felony window (see Penal Law § 70.06[1][b][iv], [v]), and thus, are too remote to be considered (see [*2]e.g. People v Spencer, 165 AD3d at 707).
Accordingly, in the exercise of our interest of justice jurisdiction, the judgment is modified, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and the matter is remitted to the Supreme Court, Kings County, so the defendant may be resentenced as a first-time felony offender (see People v Mitchell, 134 AD3d at 962; People v Sylvestre, 123 AD3d at 744).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court