People v Harrigan (2021 NY Slip Op 06863)





People v Harrigan


2021 NY Slip Op 06863


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-08732
 (Ind. No. 2671/12)

[*1]The People of the State of New York, respondent,
v
William Harrigan, appellant.


Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered July 20, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was not deprived of a fair trial when the Supreme Court limited his attorney's comments during summation as to the law on the defense of justification. It is well established that "it is the function of the judge to instruct the jury upon the law, and where counsel undertake to read the law to the jury, the judge may properly interpose to prevent it" (Williams v Brooklyn El. R.R. Co., 126 NY 96, 104; see People v Crispino, 298 AD2d 220, 221-222).
The defendant's challenge to certain remarks made by the prosecutor during summation is for the most part unpreserved for appellate review (see CPL 470.05[2]; People v Munnerlyn, 193 AD3d 981, 982-983; People v Luciano, 192 AD3d 1045, 1046-1047). In any event, most of the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom or fair response to defense counsel's summation (see People v Perry, 187 AD3d 796, 797). To the extent that some of the challenged remarks were improper for appealing to the jury's sympathy or denigrating the defense by characterizing it as a distraction, they constituted harmless error in light of the overwhelming evidence of the defendant's guilt, and the fact that there was no significant probability that such errors might have contributed to the defendant's conviction (see People v Robinson, 195 AD3d 950, 951), and were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Hernandez, 171 AD3d 791, 792; People v Gurdon, 153 AD3d 1430, 1431; People v Lopez, 96 AD3d 1621, 1622).
The Supreme Court's instructions regarding the burden of proof and the meaning of "beyond a reasonable doubt," in the context of the charge as a whole, did not dilute the standard of required proof (see People v Cubino, 88 NY2d 998, 1000). Furthermore, the court's jury charge on the defense of justification was proper, and the defendant's request for an instruction that he would be justified in shooting the victim based upon a reasonable belief that someone else in the crowd was [*2]about to use deadly physical force was a misstatement of the law (see Penal Law § 35.15). Moreover, no reasonable view of the evidence supported a theory that the defendant was justified in using deadly physical force upon another person, and in attempting to use such force, shot the victim by accident.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court