People v Merisier (2022 NY Slip Op 00883)





People v Merisier


2022 NY Slip Op 00883


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-13973
2018-13981
(Ind. Nos. 2904/17, 2283/18)

[*1]The People of the State of New York, respondent,
v
Roshawn Merisier, appellant. 


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (William Miller, J.), both rendered October 2, 2018, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 2283/18, and attempted criminal possession of a controlled substance in the third degree under Indictment No. 2904/17, upon his pleas of guilty, and sentencing him, upon his adjudication as a second felony offender, to a determinate term of imprisonment of three years, to be followed by a period of postrelease supervision of five years on the conviction of attempted criminal possession of a weapon in the second degree, and a determinate term of imprisonment of three years, to be followed by a period of postrelease supervision of three years on the conviction of attempted criminal possession of a controlled substance in the third degree, with the sentences to run concurrently.
ORDERED that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender, and reducing the period of postrelease supervision imposed on the conviction of attempted criminal possession of a weapon in the second degree from five years to three years, and the period of postrelease supervision imposed on the conviction of attempted criminal possession of a controlled substance in the third degree from three years to two years; as so modified, the judgments are affirmed.
Although the defendant's contention that he was improperly adjudicated as a second felony offender is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (see People v Terry, 194 AD3d 855; People v Johnson, 192 AD3d 909, 910).
As the People correctly concede, the defendant was improperly adjudicated as a second felony offender based on his federal conspiracy conviction (see People v Ramos, 19 NY3d 417, 420; People v Sumter, 157 AD3d 1125). Since the defendant has served the terms of imprisonment imposed on the convictions, which were legal for a first time felony offender, we modify the judgments by vacating his adjudication as a second felony offender, and reducing the periods of postrelease supervision imposed to the maximum for the defendant's convictions as a first time felony offender (see Penal Law § 70.45[2][b], [e]), without objection by the People.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court