People v Abney (2022 NY Slip Op 00871)





People v Abney


2022 NY Slip Op 00871


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-12013
 (Ind. No. 258/18)

[*1]The People of the State of New York, respondent,
v
Jeffrey Abney, appellant.


Patrick Michael Megaro, Uniondale, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Benjamin A. Kussman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), rendered August 15, 2019, convicting him of attempted assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that on the People's reverse Batson-Kern application (see Batson v Kentucky, 476 US 79, 96-98; People v Kern, 75 NY2d 638, 657-658), the People failed to meet their prima facie burden of demonstrating purposeful discrimination as to the defendant's exercise of a peremptory challenge to a prospective juror. This contention is academic as defense counsel proffered race- and gender-neutral explanations for her exercise of the peremptory challenge (see People v Hecker, 15 NY3d 625, 652). In any event, the record demonstrates that the Supreme Court conducted the proper three-step Batson analysis, and supports its determination that defense counsel's proffered reasons challenging the prospective juror were pretextual. Thus, we decline to disturb the court's determination that the challenge was pretextual (see People v Wahaab, 160 AD3d 654, 655).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the Supreme Court's curtailment of his cross-examination of the complainant constituted a violation of his Sixth Amendment right to confront witnesses (see CPL 470.05[2]; People v Wright, 160 AD3d 667, 670). In any event, the defendant was afforded the opportunity to challenge the complainant's credibility, and the court providently exercised its discretion to the extent that it limited defense counsel's cross-examination of him (see People v Wingate, 184 AD3d 738, 739; see generally People v Gomez, 135 AD3d 954, 955).
The defendant's contention that the Supreme Court failed to comply with the procedure for addressing jury notes set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Martinez, 186 AD3d 1530, 1532). The alleged procedural defect did not constitute a mode of proceedings error which would obviate the preservation requirement, as the record demonstrates that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the contents of the jury note (see People v Martinez, 186 AD3d at 1532). In any event, the contention is without merit (see id.).
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court