People v Gainer (2022 NY Slip Op 04736)

People v Gainer

2022 NY Slip Op 04736

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2014-11595
 (Ind. No. 236/13)

[*1]The People of the State of New York, respondent,
v
Tyrone Gainer, appellant.

Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered November 13, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant shot and killed the decedent inside a diner during the early morning hours of January 6, 2013, following a confrontation between the defendant and the decedent's girlfriend moments earlier. After a jury trial, during which the defendant claimed he shot the decedent in self-defense, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree.
The defendant contends that the Supreme Court erred in granting the People's reverse Batson application (see Batson v Kentucky, 476 US 79, 96-98; People v Kern, 75 NY2d 638, 657-658) with respect to two Asian prospective jurors. Contrary to the defendant's contention, the record demonstrates that the court conducted the proper three-step Batson analysis, and supports its determination that defense counsel's proffered reasons challenging the subject prospective jurors were pretextual. Thus, we decline to disturb the court's determination that the challenge was pretextual as to the subject prospective jurors (see People v Abney, 202 AD3d 811; People v Richie, 217 AD2d 84, 89). Also contrary to the defendant's contention, the court properly denied his Batson challenge to the prosecution's use of peremptory challenges to strike Black prospective jurors for failing to make a prima facie showing of discrimination (see People v Brown, 97 NY2d 500, 507; People v Small, 156 AD3d 820, 823-824).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Ewers, 195 AD3d 857, 857-858).
The defendant's contentions that the Supreme Court improperly instructed the jury on the defense of justification and improperly failed to give a jury charge on intoxication are unpreserved for appellate review (see CPL 470.05[2]; People v Perez, 169 AD3d 720, 721; People v Louis, 153 AD3d 728). In any event, the court's charge, viewed as a whole, properly instructed the jury as to the defense of justification and was a correct statement of the law (see People v Hicks, 190 AD3d 766; People v Torres, 185 AD3d 971). Also, in any event, viewing the evidence in the light most favorable to the defense, denial of a jury charge on intoxication would have been warranted (see People v Beaty, 22 NY3d 918; People v Smith, 36 AD3d 633). Further, defense counsel's failure to object to the justification defense instructions or ask for a jury charge on the intoxication defense did not amount to ineffective assistance of counsel, since "an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (People v Ennis, 11 NY3d 403, 415; see People v Stultz, 2 NY3d 277, 287; People v Naqvi, 132 AD3d 779, 781) or for failing to make a futile objection (see People v Torres, 185 AD3d at 971), and it is clear from the record as a whole that the defendant received meaningful representation (see People v Carncross, 14 NY3d 319, 331; People v Baldi, 54 NY2d 137, 147).
The defendant's challenge to certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Willis, 165 AD3d 984, 985; People v Morris, 157 AD3d 827; People v Grant, 152 AD3d 792; People v McMillan, 130 AD3d 651, affd 29 NY3d 145). In any event, the challenged remarks either were fair response to arguments presented in summation by defense counsel or fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105, 109; People v Hogue, 166 AD3d 1009, 1011; People v Jean, 118 AD3d 1024, 1025; People v Monteleone, 71 AD3d 790; People v Crawford, 54 AD3d 961), or constituted harmless error in light of the overwhelming evidence of the defendant's guilt, and the fact that there was no significant probability that such errors might have contributed to the defendant's convictions, and were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Crimmins, 36 NY2d 230; People v Harrigan, 200 AD3d 803).
The defendant failed to preserve for appellate review his contention that he was improperly sentenced as a second felony offender because he failed to contest that adjudication before or at his sentencing (see People v Terry, 194 AD3d 855), and we decline to consider the issue in the exercise of our interest of justice jurisdiction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court