People v Benn (2022 NY Slip Op 06135)

People v Benn

2022 NY Slip Op 06135

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2018-07006
 (Ind. No. 2168/16)

[*1]The People of the State of New York, respondent,
v
Sherwin R. Benn, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered May 9, 2018, convicting him of robbery in the first degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In September 2016, the defendant was arrested in connection with the assault and robbery of the complainant. After a jury trial, the defendant was convicted of robbery in the first degree, assault in the first degree, and assault in the second degree.
The defendant contends that the Supreme Court erred in granting the People's reverse Batson-Kern application (see Batson v Kentucky, 476 US 79, 96-98; People v Kern, 75 NY2d 638, 657-658) with respect to one prospective juror. Contrary to the defendant's contention, the record demonstrates that the court conducted the proper three-step Batson analysis and supports its determination that defense counsel's proffered reason challenging the subject prospective juror was pretextual. Thus, we decline to disturb the court's determination that the challenge was pretextual as to the subject prospective juror (see People v Gainer, 207 AD3d 745, 746; People v Abney, 202 AD3d 811; People v Brown, 129 AD3d 854, 856).
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Further, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) [*2]was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against the potential prejudice to the defendant (see People v Smith, 18 NY3d 588, 593-594; People v Hayes, 97 NY2d 203, 207-208; see also People v Williams, 298 AD2d 181, 182; People v Walker, 223 AD2d 414, 415).
The defendant's contention that certain counts in the indictment, as charged to the jury, were multiplicitous is unpreserved for appellate review (see People v Allen, 24 NY3d 441, 448-450; People v Cruz, 96 NY2d 857), and, under the circumstances of this case, we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; 470.15[3][c]; People v Denton, 187 AD3d 933, 933-934; People v Taylor, 185 AD3d 724, 725; People v Palant, 176 AD3d 872, 875; People v McClean, 137 AD3d 940, 942; People v Jerry, 126 AD3d 1001, 1002).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court