People v Odom (2023 NY Slip Op 06756)

People v Odom

2023 NY Slip Op 06756

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-01570
 (Ind. No. 3019/19)

[*1]The People of the State of New York, respondent,
v
Rahleek Odom, appellant.

Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered February 10, 2021, convicting him of attempted reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender; as so modified, the judgment is affirmed.
The defendant's valid appeal waiver precludes appellate review of his contention that the indictment should be dismissed on the ground that his right to a speedy trial under CPL 30.30 was violated (see People v Kidd, 210 AD3d 1148, 1149; People v Merchant, 209 AD3d 453, 453; People v Dennis, 206 AD3d 1369, 1371; People v Votaw, 190 AD3d 1162).
Although the defendant's contention that he was improperly adjudicated as a second felony offender is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (see People v Merisier, 202 AD3d 835, 836).
As the People correctly concede, the defendant was improperly adjudicated as a second felony offender based on his federal conviction of assault with a dangerous weapon in aid of racketeering, because that predicate crime does not require actual injury as one of its elements (see 18 USC § 1959[a][3]) and, thus, does not constitute a felony in New York for the purpose of enhanced sentencing (see People v Cabassa, 188 AD3d 716, 717-718).
We note that the defendant seeks vacatur of only the second felony offender adjudication, and not the sentence imposed, since he has completed serving the sentence. Furthermore, since the defendant has completed serving the sentence, any challenge to the legality of the sentence has been rendered academic (see People v Elmendorf, 83 AD3d 959, 959; People v Rodriguez, 269 AD2d 613). Therefore, remittal for resentencing is not warranted (see People v Merisier, 202 AD3d 835).
Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court