People v Manwarring (2024 NY Slip Op 02212)

People v Manwarring

2024 NY Slip Op 02212

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2018-07846
 (Ind. No. 2438/15)

[*1]The People of the State of New York, respondent,
v
Ajuul Manwarring, appellant.

Twyla Carter, New York, NY (Whitney Elliot of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered May 18, 2018, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Under the circumstances of this case, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials (see People v De Bour, 40 NY2d 210, 223).
The defendant's contention that the evidence was legally insufficient to support his convictions of murder in the second degree and attempted murder in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and attempted murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial based upon an eyewitness mistakenly identifying the defendant at trial as the shooter. The misidentification was inadvertent and subsequently addressed by the court, which provided the jury with a curative instruction sufficient to dispel any prejudice (see People v Grady, 211 AD3d 1037, 1038; People v Diggs, 25 AD3d 807, 808; People v Misla, [*2]2 AD3d 651, 652; People v Dubose, 147 AD2d 585, 586).
Further, defense counsel's failure to object to the jury instructions on felony murder or to request that the Supreme Court charge the version of the Criminal Jury Instructions in effect prior to the 2016 revision (see CJI2d[NY] Penal Law § 125.25[3] n 1) did not amount to ineffective assistance of counsel, since "an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (People v Ennis, 11 NY3d 403, 415; see People v Stultz, 2 NY3d 277, 287; People v Gainer, 207 AD3d 745, 747) or for failing to make a futile objection (see People v Torres, 185 AD3d 971, 971), and it is clear from the record as a whole that the defendant received meaningful representation (see People v Carncross, 14 NY3d 319, 331; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court