People v Bibbs (2025 NY Slip Op 03079)

People v Bibbs

2025 NY Slip Op 03079

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-01022
 (Ind. No. 859/18)

[*1]The People of the State of New York, respondent,
v
Shawron Bibbs, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered January 17, 2020, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly granted the People's reverse-Batson challenge (see People v Williams, 211 AD3d 1054, 1055; People v Benn, 210 AD3d 690, 691; People v Gainer, 207 AD3d 745, 747). Moreover, the evidence, the law, and the circumstances of the case, viewed in totality as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Miller, 229 AD3d 724, 726-727; People v Vaughn, 217 AD3d 781, 783).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during summation is mostly unpreserved for appellate review because he failed to object to a majority of the comments at issue or move for a mistrial on that ground (see People v Profit, _____ AD3d _____, 2025 NY Slip Op 01953; People v Smith, 187 AD3d 941, 943; People v Giddens, 161 AD3d 1191, 1194). In any event, the challenged comments either were fair response to arguments presented in summation by defense counsel or fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Robinson, 228 AD3d 960, 961; People v Gainer, 207 AD3d at 747).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court