People v Mincy (2025 NY Slip Op 04107)

People v Mincy

2025 NY Slip Op 04107

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-10042
 (Ind. No. 73426/21)

[*1]The People of the State of New York, respondent,
v
Darnell Mincy, appellant.

Patricia Pazner (White & Case, LLP, New York, NY [Dana Foster, Charles A. D'Oria, and Zach Williams, pro hac vice], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sullivan & Cromwell [William G. Walant], of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered November 10, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, criminal possession of a weapon in the third degree. After those branches of his omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials were denied, the defendant entered into a plea agreement pursuant to which he waived his right to appeal.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560; People v Kemp, 94 NY2d 831, 833; People v Rogers, 235 AD3d 781; People v Odom, 222 AD3d 1001, 1002). With respect to the defendant's challenge to the denial of those branches of his omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials, his "valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination" (People v Hightower-Castro, 219 AD3d 504, 505 [internal quotation marks omitted]; see People v Vidal, 233 AD3d 1055, 1055; People v Barnes, 210 AD3d 792, 793).
Accordingly, we affirm the judgment.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court